# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA M. JACKSON | CIVIL ACTION |
| VERSUS | NO. 17-323 |
| WARDEN ADUCCI ET AL. | SECTION "N"(2) |

## ORDER AND REASONS

Pro se plaintiff Linda M. Jackson is an inmate currently incarcerated in the Federal Correctional Institution in Aliceville, Alabama ("FCI Aliceville"). She filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against the defendants at FCI Aliceville, including Warden Aducci; Camp Administrator L. Williams; Medical Administrator Ms. Eli; pharmacy personnel Dr. Harris and Ms. Hesther; prison doctor Dr. Griffins and unidentified nurses. Plaintiff alleges that she has not received adequate medical care while housed in the FCI Aliceville. Record Doc. No. 1 (Complaint). She requests monetary compensation. Id.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

---

[1] The court by this order has instructed the Clerk of Court to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Northern District of Alabama.

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

The events forming the factual basis of plaintiff's claim allegedly occurred at FCI Aliceville, which is located in Pickens County, Alabama, within the boundaries of the Northern District of Alabama, Western Division. 28 U.S.C. § 81(a)(5). Plaintiff filed a similar suit in the Northern District of Alabama last year. C.A. No. 16-926-VEH-HGD (N.D. Ala.). No defendant is alleged to reside in or to be located within the Eastern District of Louisiana. Venue is not proper in the Eastern District of Louisiana. On the other hand, the court finds that venue is proper in the Northern District of Alabama, Western Division, where all defendants and plaintiff are located and where the facts on which the claims are based occurred. The interests of justice dictate that this case be

transferred, rather than being dismissed on grounds of improper venue. A magistrate judge is authorized to transfer to another district a complaint asserting claims based upon events occurring in that district. Balawajder, 160 F.3d at 1067.

**IT IS THEREFORE ORDERED** that the determination of pauper status is DEFERRED to the United States District Court for the Northern District of Alabama, Western Division, after transfer of this matter to that court.

**IT IS FURTHER ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Western Division.

New Orleans, Louisiana, this ___19th___ day of January, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE